Town of Auburn *vs.* Ernest L. Johnson.  May 28, 1981.  The plaintiff's by-law, adopted in 1961, refers to "existing trailer camps or trailer parks" and to "new" camps or parks.  It allows limited increases in the number of trailers in "existing camps."  The number of trailers in the defendant's park does not exceed the permissible number if his park is viewed as an "existing trailer park" under the by-law.

As a result of a 1965 taking by eminent domain by the Commonwealth, and as a result of purchases (in 1963 and in 1965) of land adjoining his original parcel, the defendant's mobile homes are not located on the same configuration of land as they were in 1961.  The master found that the portion of land taken by the Commonwealth contained a substantial number of mobile homes, and that the taking reduced the number remaining on the original parcel of land from fifty to twenty-two.  She also found that the defendant subsequently placed mobile homes, housing eighteen family units (six single homes and six duplex) on his adjoining property.

The plaintiff argues that the term "existing park" as used in the by-law means a park occupying the same land as was occupied by that park in 1961.  We decline to accept this interpretation.  Had the drafters of the by-law intended the term "existing trailer park" to mean "existing trailer camps occupying the same land as now occupied," they should have made such intention clear.  They should have defined the term or otherwise indicated their purpose within the by-law.  *Manchester* v. *Phillips*, 343 Mass. 591, 595-596 (1962).  3 Anderson, American Law of Zoning § 16.02 (2d ed. 1977).  The portion of the by-law contained in the record is too cryptic to permit any precise interpretation.  The plaintiff makes no contention that the park is not in a general business district, the only district in which mobile parks are permitted under the by-law.  We hold that the defendant is not precluded by the by-law from using land adjoining the original parcel for locating some of his mobile homes.

The remaining contentions of the plaintiff are either irrelevant or without merit.

*Judgment affirmed.*

*Edward P. Healy*, Town Counsel, for the plaintiff.

*Burton Chandler* for the defendant.